# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ANN MORTON YOUNG HABLISTON, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 15-2225 (ABJ) |
| FINRA DISPUTE RESOLUTION, INC., | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

Pursuant to Federal Rule of Civil Procedure 59(e), plaintiffs have moved for reconsideration of the Court's order dismissing this case with prejudice, Pls.' Mot. to Amend or Alter Final J. [Dkt. # 25] ("Pls.' Mot."), and plaintiffs have also moved for leave to file a substitute amended complaint under Federal Rule of Civil Procedure 15(a)(2). Pls.' Mot. & Mem. of Authorities for Leave to File First Substitute Am. Compl. [Dkt. # 31] ("Pls.' Mot. Am. Compl."). Because plaintiffs have not identified any proper basis for the Court to alter or set aside its judgment, and because any amendment to the complaint would be futile, the Court will deny the motions.

## BACKGROUND

Plaintiffs are involved in an arbitration against Wells Fargo Advisors, LLC concerning their deceased parents' brokerage accounts, and they brought this action against defendant FINRA Regulation, Inc. ("FINRA Regulation") while the proceedings were ongoing. *See* Substitute Am. Compl. [Dkt. # 10] ("Compl."). On July 29, 2016, defendant moved to dismiss the complaint on a number of grounds, including Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), 12(b)(7), and

12(h)(3). Mot. to Dismiss Compl. [Dkt. # 16] ("Def.'s Mot."). They argued that: plaintiffs' claims are not ripe for review; defendant is immune from suit under the doctrines of arbitral and regulatory immunity; plaintiffs failed to name indispensable parties; defendant is not a state actor; the Securities and Exchange Act does not create a private right of action for alleged violations of rules enacted under the Act; and plaintiffs' request that the Court appoint new arbitrators is moot because replacement arbitrators have already been appointed. Mem. of Law in Supp. of Def.'s Mot. [Dkt. # 17] ("Def.'s Mem.") at 1–2. Plaintiffs opposed the motion, but they only briefed the issues of arbitral immunity, whether FINRA Regulation is a state actor, and whether their claims were ripe for review. Pls.' Mem. in Opp. to Def.'s Mot. [Dkt. # 21] ("Pls.' Opp.") at 8–11, 18–19. Plaintiffs failed to respond to any of defendant's other contentions. On January 27, 2017, the Court granted defendant's motion to dismiss. *See Habliston v. FINRA Regulation, Inc.*, No. 15-2225, 2017 WL 396580 (D.D.C. Jan. 27, 2017).

In granting the motion to dismiss, the Court found that the four arguments plaintiffs failed to address had been conceded. *Id.* at *4. But the dismissal of the case was ultimately predicated upon lack of subject matter jurisdiction and failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *Id.* at *7. The Court concluded that plaintiffs' claims that their constitutional rights had been violated in an allegedly unfair arbitration process were not ripe for review and should be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *Id.* at *5. And the Court held that all of plaintiffs' claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because FINRA Regulation is immune from suit under the doctrine of arbitral immunity. *Id.* at *6–7.

On February 16, 2017, plaintiffs filed a motion to amend or alter the final judgment under Rule 59(e), arguing that it was an abuse of discretion for the Court to deem issues not opposed as

conceded, and asking the Court to dismiss all counts without prejudice. Pls.' Mot. at 1; Pls.' Mem. of P. & A. to Alter or Amend Final J. [Dkt. # 25-1] ("Pls.' Mem.") at 1. Plaintiffs also stated that they intended to file a motion for leave to file an amended complaint that would be limited to the topics of "adhesion, unconscionability and material breach of contract to have the arbitration agreements declared unenforceable under 9 U.S.C. § 2, and [to] add new facts to appoint new arbitrators under 9 U.S.C. § 5." Pls.' Mem. at 1. Defendant opposed the motion on March 2, 2017, arguing that plaintiffs had failed "to meet the stringent standards established by Rule 59(e)," and that they should have filed a Rule 15 motion accompanied by their proposed amended complaint together with their Rule 59(e) motion if they intended to seek leave to amend. Opp. to Pls.' Mot. [Dkt. # 26] ("Def.'s Opp.") at 1–2 & n.2. Defendant also took the position that any amendment would be futile. *Id.* at 10. Plaintiffs replied in support of their motion on March 8, 2017. Pls.' Reply in Supp. of Pls.' Mot. [Dkt. # 27] ("Pls.' Reply").

On March 10, 2017, the Court directed plaintiffs to file any motion for leave to file an amended complaint by March 31, 2017, stating that it would be "in a better position to consider such issues as the futility of any amendment once the proposed amended complaint [was] before the Court." Min. Order (Mar. 10, 2017). Plaintiffs filed their motion on April 3, 2017, attaching a copy of the amended complaint. *See* Pls.' Mot. Am. Compl.; Ex. 1, First Substitute Am. Compl. [Dkt. # 31-1] ("Am. Compl."). On April 10, 2017, FINRA Regulation opposed the motion, arguing that the motion should be denied because: (1) plaintiffs have failed to satisfy their burden under Rule 59(e); and (2) the motion for leave to file an amended complaint was futile because plaintiffs' substitute amended complaint would not survive a motion to dismiss. Opp. to Pls.' Mot. Am. Compl. [Dkt. # 32] ("Def.'s Opp. to Pls.' Mot. Am. Compl.") at 1. Plaintiffs replied on April 17, 2017. Pls.' Reply in Supp. of Pls.' Mot. Am. Compl. [Dkt. # 33].

**STANDARD OF REVIEW**

Under ordinary circumstances, when a party seeks to amend its pleading after a responsive pleading has been served, the Court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (per curiam). When evaluating whether to grant leave to amend, however, the Court must consider these factors: (1) undue delay; (2) prejudice to the opposing party; (3) futility of the amendment; (4) bad faith; and (5) whether the plaintiff has previously amended the complaint. *Atchinson v. District of Columbia*, 73 F.3d 418 (D.C. Cir. 1996), quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court may deny leave to amend based on futility if the proposed claims would not survive a motion to dismiss. *Rumber v. District of Columbia*, 598 F. Supp. 2d 97, 102 (D.D.C. 2009), citing *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996).

However, a plaintiff may amend his or her complaint after judgment has been entered "only by filing . . . a 59(e) motion to alter or amend a judgment combined with a Rule 15(a) motion requesting leave of court to amend the[] complaint." *Firestone*, 76 F.3d at 1208. "Rule 15(a)'s liberal standard for granting leave to amend governs once the court has vacated the judgment . . . . But to vacate the judgment, [a plaintiff] must first satisfy Rule 59(e)'s more stringent standard." *Id.*

"A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error to prevent manifest injustice." *Firestone*, 76 F.3d at 1208 (internal quotation marks omitted). A motion to reconsider under Rule 59(e) "is [neither] . . . an opportunity to reargue facts and theories upon which a court has already ruled nor a vehicle for presenting theories or arguments that could have been advanced earlier." *SEC v. Bilzerian*, 729 F. Supp. 2d 9, 14 (D.D.C.

2010) (internal quotation marks omitted), quoting *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995) and *Kattan by Thomas v. District of Columbia*, 995 F. 2d 274, 276 (D.C. Cir. 1993).

## ANALYSIS

I. **Plaintiffs' Motion for Reconsideration Under Rule 59(e)**

A. **Plaintiffs have not identified an "intervening change in controlling law."**

In its memorandum opinion, the Court determined that plaintiff had conceded several arguments advanced in the motion to dismiss by failing to respond to them. *See Habliston*, 2017 WL 396580, at *4. Plaintiffs now move the Court to "vacate issues deemed conceded, and dismiss all [c]ounts *without prejudice* so [p]laintiffs may file an amended complaint." Pls.' Mot. at 1. They assert that "[r]ecent changes in controlling law hold it an abuse of discretion to deem issues not opposed as conceded under LCvR 7(b)." *Id.*, citing *Cohen v. Bd. of Trs. of Univ. of D.C.*, 819 F.3d 476, 484 (D.C. Cir. 2016) and *Winston & Strawn v. McLean*, 843 F.3d 503, 505 (D.C. Cir. 2016); Pls.' Mem. at 5–8.

These circumstances do not warrant reconsideration. First, the "intervening change to controlling law" that plaintiffs identify is "neither a change nor controlling." *Walsh v. Hagee*, 316 F.R.D. 1, 2 (D.D.C. 2014) (holding that plaintiff's reliance on "well-established principles" did not constitute an "intervening change of controlling law"). Rather, the two Court of Appeals decisions cited by plaintiffs predate this Court's opinion, and neither prevents a court from granting a motion to dismiss on the grounds that issues were conceded. In *Winston & Strawn*, the court held that district courts cannot invoke the local rule to grant a *motion for summary judgment* as conceded without considering the issues on the merits. 843 F.3d at 506–08; *see also id.* at 508 (noting that "nothing in this opinion is meant to address the applicability of Local Rule 7(b) to motions other than motions for summary judgment"). And in *Cohen*, the D.C. Circuit affirmed

5

the district court's decision to grant a motion to dismiss as conceded under the local rule. 819 F.3d at 481–84.

It is true that the Court of Appeals concluded in *Cohen* that it was an abuse of discretion to dismiss the case with prejudice, but that case involved a plaintiff who failed to file an opposition to a motion to dismiss but then sought to remedy that situation by filing it late. 819 F.3d at 484. The Court observed that it was an "onerous bar to preclude [the plaintiff] from ever having his claims heard because of an inadvertent concession – one that he never made in fact, that was created through the suspect application of a local rule, and that he promptly sought to remedy." *Id.*; *see also Rudder v. Williams*, 666 F.3d 790, 794 (D.C. Cir. 2012) (finding that the district court was "on solid ground" in dismissing conceded claims, but that it was an abuse of discretion to dismiss with prejudice because plaintiffs had made a "belated attempt" to retract the concession that drove the dismissal).

What plaintiffs fail to appreciate is that here, the Court did not grant defendant's motion to dismiss solely on the basis of plaintiffs' concessions. *See Habliston*, 2017 WL 396580, at *5–6. Instead, the Court found that it lacked jurisdiction to hear plaintiffs' claims for constitutional violations, and that "all of plaintiffs' claims against FINRA Regulation are barred by the doctrine of arbitral immunity." *Id.* The issues of ripeness and arbitral immunity were briefed by both parties, and the Court analyzed the issues on the merits and did not deem them to be conceded. *See id.* at *6.

**B.    Plaintiffs have not identified new evidence that would warrant reconsideration.**

Plaintiffs' motion for reconsideration simply repeats the arguments plaintiffs made in their opposition to the motion to dismiss regarding the unenforceability of the arbitration agreements in the brokerage contracts, the Court's ability to appoint new arbitrators, and the allegedly unfair

6

arbitration forum. *Compare* Pls.' Mem. at 9–12, 17–19, *with* Pls.' Opp. at 8–17, 19. Plaintiffs assert that they "have valid claims for adhesion and unconscionability" based on "alleged facts," Pls.' Mot. at 2, that the count seeking to have the Court appoint new arbitrators "should not have been dismissed with prejudice" because defendant's arguments "are refuted by allegations in the complaint," *id.* at 3, and that "[o]ther facts demonstrate" that defendant has acted "in bad faith" to "materially prejudice [p]laintiffs' rights." Pls.' Mem. at 19. However, motions for reconsideration may not be used to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008).

Plaintiffs contend that "new facts" will demonstrate defendant filled the arbitrator vacancies in further violation of FINRA rules "by appointing arbitrators with award histories that demonstrate clear 'partiality and bias' that prevent them from 'rendering an objective and impartial determination.'" Pls.' Mem. at 10. And plaintiffs also posit that they "are able to pled [sic] additional facts" to demonstrate that the brokerage contracts entered into by plaintiffs' parents were procedurally and substantively unconscionable. *Id.* at 18–19. But Rule 59(e) only permits amending or altering a judgment where a party presents evidence that was unavailable "prior to the entry of judgment." *Exxon Shipping*, 554 U.S. at 486 n.5. And plaintiffs have not even attempted to argue that they did not have access to these "facts" before the Court entered its judgment on January 27, 2017. Rather, plaintiffs seek "leave to file the accompanying amended complaint to add new facts that *occurred after filing [p]laintiffs' Substitute Amended Complaint* [on June 6, 2016] . . . and [to] add *additional facts to cure any deficiencies* in support of [p]laintiffs' request to have all agreements to arbitrate . . . declared unenforceable." Pls.' Mot. Am. Compl. at 1 (emphasis added).

7

Moreover, the so-called "new facts" do nothing to change either the Court's observation that plaintiffs are challenging brokerage contracts to which defendant FINRA Regulation is not a party, or the Court's conclusion that FINRA Regulation is protected by arbitral immunity. *Habliston*, 2017 WL 396580, at *4, 6–7. And the new facts do not remedy the ripeness problem.

**C. Plaintiffs have not identified a need to correct clear error or prevent manifest injustice.**

Plaintiffs contend that it was "clear error of law to disregard Congressional intent by allowing [d]efendant's arguments of regulatory and/or arbitral [immunity] to bar [p]laintiffs' right to relief under 9 U.S.C. § 5." Pls.' Mem. at 12. After making this statement, plaintiffs only go on to challenge the application of regulatory immunity to Count IV, arguing that "regulatory immunity only applies when [d]efendant is acting in its regulatory capacity . . . and that conducting customer arbitrations are not among those statutory duties." *Id.* But plaintiffs fail to show that the Court in fact committed an error of law or judgment, or that manifest injustice will result from the Court's order. Rather, plaintiffs "appear[] merely to disagree with the [Court's] analysis of the cases, which is insufficient to trigger reconsideration." *United States v. Nelson*, 59 F. Supp. 3d 15, 20 (D.D.C. 2014). Moreover, the Court relied on the doctrine of arbitral immunity, not regulatory immunity, in dismissing all of plaintiffs' claims. *See Habliston*, 2017 WL 396580, at *6–7.

Further, "[p]laintiffs move the Court under Fed. R. Civ. P. 59 to amend the final [o]rder to *without prejudice* so [p]laintiffs may name the [arbitration] [r]espondents in an amended complaint," contending that they were barred from naming the "real parties in interest" previously because of FINRA Rule 12209. Pls.' Mem. at 12 (emphasis in original). To the extent that plaintiffs attempt to argue that the Court's failure to permit plaintiffs to name respondents from the underlying arbitration constitutes manifest injustice, the Court is not persuaded.

8

FINRA Rule 12209 provides:

> During an arbitration, no party may bring any suit, legal action, or proceeding against any other party that concerns or that would resolve any of the matters raised in the arbitration.

FINRA Rule 12209. Plaintiffs maintain that dismissal with prejudice was not warranted because the arbitration respondents are real parties in interest that must be joined in the action under Federal Rules of Civil Procedure 17(a)(3) and 19(a)(2), but that plaintiffs could not previously join them in the action due to FINRA Rule 12209. Pls.' Mem. at 12–13.

But Rule 17 is inapplicable because the phrase "real party in interest" refers to the plaintiff in an action, not a defendant.[1] And even if plaintiffs agree that the arbitration respondents should be joined and now ask the Court to do so pursuant to a Rule 19(a)(2) order, Pls.' Mem. at 12–13, they do not provide the Court with any reason why they failed to address this issue when defendant sought to dismiss the action on the ground that plaintiffs failed to name indispensable parties – namely, Wells Fargo and Fulcrum. *See* Def.'s Mem. at 15–16; Pls.' Opp.; *Habliston*, 2017 WL 396580, at *4. There is no manifest injustice where plaintiffs already had the opportunity to address this issue and seek joinder, but they did not do so. *See Ciralsky v. CIA*, 355 F.3d 661, 673 (D.C. Cir. 2004) (finding no abuse of discretion where a district court concluded that "manifest injustice does not exist where, as here, a party could have easily avoided the outcome, but instead elected not to act until after a final order had been entered").

---

[1] Plaintiffs admit in their reply that the "'real party in interest' test in Fed. R. Civ. P. 17(a), by its own terms, applies only to plaintiffs," and they "withdraw that portion" of their argument asserting that "Rule 17(a)(3) requires the Court to grant leave to add defendants." Pls.' Reply at 14.

Therefore, the Court concludes that plaintiffs have not met the stringent standards of Rule 59(e) to alter, amend, or vacate the judgment, so the Court will deny plaintiffs' motion for reconsideration.

## II. Plaintiffs' Motion for Leave to File an Amended Complaint Under Rule 15(a)

"[O]nce a final judgment has been entered, a court cannot permit an amendment unless the plaintiff 'first satisfies Rule 59(e)'s more stringent standard' for setting aside that judgment." *Ciralsky*, 355 F.3d at 673, quoting *Firestone*, 76 F.3d at 1208. Since plaintiffs have failed to meet Rule 59(e)'s more stringent standard, their motion for leave to file an amended complaint must be denied on that basis alone. *See id.*

And even if the Court were to evaluate plaintiffs' motion under Rule 15, the motion would still be denied for two reasons: (1) the Court does not have subject matter jurisdiction over plaintiffs' proposed amended complaint; and (2) plaintiffs' claims are still barred by the doctrine of arbitral immunity.

### A. The Court does not have jurisdiction over plaintiffs' complaint so plaintiffs' proposed amendment would be futile.

In their proposed amended complaint, plaintiffs assert that the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Am. Compl. ¶ 31. This statute grants district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, plaintiffs' proposed amended complaint no longer includes plaintiffs' original claims against FINRA Regulation under 42 U.S.C. § 1983, *see* Substitute Am. Compl. [Dkt. # 10];[2] rather, plaintiffs' proposed amended complaint only includes

---

[2] Plaintiffs concede that the proposed amended complaint "removes former claims against [d]efendant for violating 42 U.S.C. § 1983." Pls.' Reply in Supp. of Pls.' Mot. Am. Compl. at 2.

10

four counts under sections 2 and 5 of the Federal Arbitration Act ("FAA"). *See generally* Am. Compl.

The problem for plaintiffs is that "the FAA is not jurisdictional." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581–82 n.2 (2008). "[T]he Act does nothing, being 'something of an anomaly in the field of federal-court jurisdiction' in bestowing no federal jurisdiction but rather requiring an independent jurisdictional basis." *Id.* at 581–82, quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25, n.32 (1983); *Karsner v. Lothian*, 532 F.3d 876, 882 (D.C. Cir. 2008) ("Although the Federal Arbitration Act (FAA) constitutes federal law, 'the Supreme Court has interpreted the statute as not itself bestowing jurisdiction on the federal district courts.'"), quoting *Kasap v. Folger Nolan Fleming & Douglas, Inc.*, 166 F.3d 1243, 1245–46 (D.C. Cir. 1999).

In their reply, plaintiffs argue that the Court has federal question jurisdiction over plaintiffs' proposed amended complaint based on the "look through" doctrine as articulated by the Supreme Court in *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). Pls.' Reply in Supp. of Pls.' Mot. Am. Compl. at 3. In *Vaden*, Discover Bank sued a credit card holder in state court to recover past due charges, and the card holder filed a counterclaim. 556 U.S. at 53. Discover Bank asserted that the counterclaim was preempted by federal banking laws and filed an action in federal court to compel arbitration of the counterclaim under section 4 of the FAA. *Id.* The Supreme Court held that to determine if a district court has jurisdiction, the court can "'look through' a § 4 petition to determine whether it is predicated on an action that 'arises under' federal law." *Id.* at 62. And the Court determined that the district court lacked jurisdiction because the federal issue arose within the context of a state court counterclaim and courts cannot consider counterclaims when assessing federal question jurisdiction. *Id.* at 70–71.

11

Here, plaintiffs contend that since they asserted in their complaint that "[d]efendant violated 15 U.S.C. § 78u-3 by knowingly and repeatedly allowing Wachovia/Wells Fargo to violate federal securities and banking laws," the Court should look "at the substance of [p]laintiffs' underlying claims to find federal jurisdiction." Pls.' Reply in Supp. of Pls.' Mot. Am. Compl. at 3. However, the rule announced in *Vaden* applies to lawsuits under section 4 of the FAA where a party is seeking to compel arbitration, which is not the issue in this case. Moreover, the underlying controversy between plaintiffs and FINRA Regulation is based on FINRA Regulation's role in conducting the arbitration between plaintiffs and Wells Fargo and Fulcrum, and "[i]t does not suffice to show that a federal question lurks somewhere inside the parties' controversy." *Vaden*, 556 U.S. at 70. Therefore, there is no merit in plaintiffs' position that challenging the enforcement of the arbitration agreements, or seeking to appoint new arbitrators, pursuant to provisions of the FAA, would create federal jurisdiction. *See Hall St. Assocs.*, 552 U.S. 581–82 & n.2.

Because plaintiffs do not assert any other grounds for federal jurisdiction, the Court does not have jurisdiction over plaintiffs' proposed amended complaint, so the amendment to plaintiffs' complaint would be futile.

**B.    Any amendment to plaintiffs' complaint would be futile because plaintiffs' claims against FINRA Regulation are barred by the doctrine of arbitral immunity**

In addition, the Court may deny leave to amend based on futility "if the proposed claim would not survive a motion to dismiss." *Rumber*, 598 F. Supp. 2d at 102, citing *Ludwig*, 82 F.3d at 1099. Here, notwithstanding the few isolated references to other parties, the proposed amended

complaint consists of repackaged legal claims against FINRA Regulation,[3] which the Court previously held were barred by the doctrine of arbitral immunity. *See Habliston*, 2017 WL 396580, at *6–7. There is no manner in which plaintiffs could amend the complaint to cure this deficiency: defendant is not a suable entity. *See Firestone*, 76 F.3d at 1208. So, any amendment to plaintiffs' complaint against FINRA Regulation is futile because it would not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

## CONCLUSION

Accordingly, the Court will deny plaintiffs' Motion to Amend or Alter Final Judgment pursuant to Federal Rule of Civil Procedure 59(e), and their Motion for Leave to File First Substitute Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a).

A separate order will issue.

/s/ Amy B Jackson

AMY BERMAN JACKSON
United States District Judge

DATE: May 8, 2017

---

3    Count I of the proposed substitute amended complaint alleges that the arbitration provisions should be declared void or unenforceable because FINRA Regulation and the SEC are biased and acting without due process and in violation of plaintiffs' rights. Am. Compl. ¶¶ 110–23. Count II contains the barest allegations that plaintiffs' parents were unaware of what they were doing when they signed the arbitration agreements, and that if they had known that FINRA Regulation would end up violating plaintiffs' rights, they would not have signed the agreements, therefore making the arbitration agreements unconscionable. *Id*. ¶¶ 125–28. It also repeats allegations that FINRA Regulation has a conflict of interest and is conducting the arbitration unfairly. *Id*. ¶¶ 129–32. In Count III, plaintiffs again claim that FINRA Regulation is acting improperly and violating its own rules, and that this is a reason to declare the arbitration provisions unenforceable. *Id*. ¶¶ 135–39. And Count IV is a reiteration of plaintiffs' original request that the Court appoint new arbitrators. *Id*. ¶¶ 141–47.